■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN BORRERO, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered February 20, 1991, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to prison terms of 7½ to 15 years for robbery in the first degree, 2½ to 5 years for criminal possession of a weapon in the third degree, and one year for criminal possession of stolen property in the fifth degree, unanimously affirmed.

The defendant was indicted under, *inter alia,* Penal Law § 160.15 (2). The first count of the indictment read in pertinent part "[d]efendant acting in concert with another * * * did forcibly steal * * * and in the course of the commission of the crime or in immediate flight therefrom, the defendant was armed with a deadly weapon." During the jury charge, the trial court instructed the jury that it could find the defendant guilty of the first count if he or another participant was armed with a deadly weapon.

Although the jury charge was improper, reversal is not warranted. The issue is unpreserved since the defendant never objected at trial (CPL 470.05 [2]). Similarly, no claim of constitutional error was raised at trial *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). Were we to review the claim in the interest of justice, we would find the error harmless since the proof presented at trial did not vary from the allegations embodied in the indictment *(see, People v Grega,* 72 NY2d 489), the defendant having stated to police that another had held the gun to the victim. Concur—Murphy, P. J., Carro, Rosenberger and Ellerin, JJ.