■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY McCULLOUGH, Appellant. [619 NYS2d 984] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We agree with defendant that, "[b]efore proceeding in defendant's absence, the court should have made inquiry and recited on the record the facts and reasons it relied upon [to determine whether] defendant's absence was deliberate" *(People v Brooks,* 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746; *see also, People v Parker,* 57 NY2d 136, 142). The record establishes that, when the suppression hearing commenced, the court noted defendant's absence and denied defense counsel's request for an adjournment. The court made no inquiry regarding the circumstances of defendant's absence, nor did it consider whether defendant could be located within a reasonable period of time. Therefore, a new suppression hearing is necessary. We remit the matter to Supreme Court to conduct that hearing and to "make findings of fact essential to the determination thereof" (CPL 710.60 [4]). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J., trial; Mark, J., suppression hearing—Robbery, 2nd Degree.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.