■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY ANGEL, Appellant. [656 NYS2d 256] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years and 2 to 4 years, respectively, unanimously affirmed.

The court's instructions to the jury regarding the "dangerous instrument" element of the crimes charged did not constitute a constructive amendment to the indictment changing the

People's theory of prosecution. The theory of prosecution as set forth in the indictment and in the People's proof, was that a dangerous instrument, to wit a knife, was used in the assault on the complainant. The material element in question was "a dangerous instrument" and there is no question that the crimes charged by the trial court were the same crimes for which the Grand Jury intended to indict defendant. Any discrepancy between the indictment and the proof at trial was created by defendant's own version of the incident (*People v Spann*, 56 NY2d 469).

The court's *Sandoval/Molineux* ruling was appropriate. The court properly found that any prejudice to defendant from the introduction of evidence that he had previously assaulted the complainant was outweighed by the highly probative value of such evidence in connection with motive, intent, and background events explaining the relationship between the parties leading up to the instant incident (*see, People v Steinberg*, 170 AD2d 50, 73, *affd* 79 NY2d 673).

The trial court's curative actions in connection with the prosecutor's cross-examination of a defense witness regarding Federal charges filed against him and potential bias adequately assured that no undue prejudice would accrue to defendant. Thus, defendant's ultimate motion for a mistrial was properly denied (*see, People v Shellman*, 200 AD2d 403, 404, *lv denied* 83 NY2d 858).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Tom, JJ.