■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REED, Defendant-Appellant. [662 NYS2d 473] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered March 29, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

Defendant's claim that the People failed to prove the "serious physical injury" element of first-degree assault (Penal Law § 120.10 [1]) is unpreserved for appellate review as a matter of law, since he failed to raise it before the trial court (CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20), and neither his arguments to the jury nor his requests to charge constituted preservation of the issue. Were we to reach this claim, we would find that the jury had ample basis for concluding that the victim sustained a "protracted impairment of health" constituting serious physical injury (Penal Law § 10.00 [10]).

Contrary to defendant's argument, his claim that the court's charge constructively amended the indictment is a claim requiring preservation (*see, People v Borrero*, 188 AD2d 357, *lv denied* 81 NY2d 882; *People v Udzinski*, 146 AD2d 245, *lv denied* 74 NY2d 853), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the court's instruction was correct. It was defendant's own testimony that created any discrepancy between the proof at trial and the factual allegations set forth in the indictment and established before the Grand Jury (*People v Spann*, 56 NY2d 469, 473-474; *People v Angel*, 238 AD2d 210; *cf., People v Grega*, 72 NY2d 489).

Defendant's challenge to the court's justification charge is unpreserved and without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.