OPINION OF THE COURT
Ira R. Globerman, J.
The defendant is charged in a seven-count indictment. Of the seven counts, five counts have as. the complaining witness, Child A, a nine-year-old girl who lived in the same household as the defendant and referred to him as her grandmother’s boyfriend. With respect to this complainant, the defendant is charged with two counts of rape in the first degree (counts 1 and 2), two counts of sexual abuse in the first degree (counts 3 and 4) and one count of endangering the welfare of a child (count 6) arising out of an incident occurring between September 10, 1999 and September 12, 1999. Counts 5 and 7, charging the defendant respectively with sexual abuse in the first degree and endangering the welfare of a child, have as the complaining witness Child B, the seven-year-old brother of Child A. This incident occurred sometime between November 1, 1999 and December 25, 1999.
The defendant, relying on CPL 200.20 (3), seeks to sever the two counts which relate to Child B (counts 5 and 7) from the remaining counts which relate to Child A (counts 1,. 2, 3, 4 and 6). CPL 200.20 (3) provides, in pertinent part, that severance of one or more counts is appropriate only where the defendant can demonstrate that severance should be granted “in the interest of justice and for good cause shown,” and only where “joinability rests solely upon the fact that such offenses * * * are the same or similar in law.” According to the defendant, nothing, save severance of the counts, would remove the likelihood of undue prejudice and insure that a jury would not aggregate the evidence of each incident against the defendant.
The People contend that the court lacks the authority to grant severance in this case because joinder rests not only on the fact that the charges are the same or similar in law (CPL 200.20 [2] [c]), but because the charges in the indictment are joinable pursuant to CPL 200.20 (2) (b). CPL 200.20 (2) (b) *887 provides that two offenses are “joinable” when: “[e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first.” Here, according to the People, proof of the offenses relating to Child A would be admissible as evidence in chief upon a trial of the charges relating to Child B, and vice versa. In the alternative, the People argue that the defendant has failed to establish that severance would be in the interest of justice and with good cause shown and therefore severance is not warranted under CPL 200.20 (3).
In support of the contention that the counts in the indictment are properly joined under CPL 200.20 (2) (b), the People claim that proof of the acts alleged against Child A will be material and admissible as evidence in chief upon the trial of the acts alleged against Child B to show the defendant’s motive and intent, and to explain the relationship between the parties and to establish a common scheme or plan by the defendant to take advantage of the young children in the household. These bald assertions, however, are wholly unsupported by any explanations of just how the evidence of one of the incidents establishes either intent, motive or a common scheme or plan to commit the other.
Contrary to the People’s claim, I do not perceive any logical probative relationship between the evidence relating to one of the children which would render such evidence admissible as relevant on the trial of the other. Nor are the cases cited by the People in support of their position persuasive. In People v Angel (238 AD2d 210 [1st Dept 1997]) the First Department held that the trial court’s decision allowing the introduction of evidence that the defendant had previously assaulted the complainant was appropriate since it was highly probative to establish the defendant’s motive and his intent and to explain the relationship between the parties leading up to the instant incident. But the admitted evidence was that of a prior assault against the same complainant and thus was relevant to the defendant’s motive and intent as to that complainant. Here, the evidence sought to be admitted would be used to establish defendant’s guilt with respect to a second complainant of different gender. The People have not demonstrated, however, that the evidence of the charges as to one complainant has any probative value as to the charges with respect to the other. *888 Moreover, such evidence would be highly prejudicial to the defendant, suggesting a general propensity to commit sexual assaults. Indeed, as the Court of Appeals has recognized, “That commonly held behavioral prejudices about those who perpetrate sex crimes, mistakenly assuming that the commission of one type of sex crime predisposes to another kind, are often unfounded has been well documented.” (People v Shapiro, 50 NY2d 747, 755, n 2 [1980].)
The second case cited by the People (People v Gonzalez, 188 AD2d 364 [1st Dept 1992]) is inapposite. The Court held in Gonzalez that denial of severance of the 12-count indictment involving six separate offenses against eight women was not error since the “ ‘ “over-all pattern” ’ of criminal conduct was of more than sufficient uniqueness to constitute a distinctive modus operandi.” Except for the circumstance that this indictment charges two separate incidents of sexual assault against two different victims, there has been no showing of any “overall pattern” of conduct on the defendant’s part. Nor could there be since the charges against the defendant only involve two incidents occurring months apart against children of different genders.
While I find that the counts are not joinable pursuant to CPL 200.20 (2) (b), it is not disputed that they are joinable pursuant to CPL 200.20 (2) (c) in that they are the same or similar in law. A court may sever such counts in the interest of justice and for good cause shown.
Good cause includes the situation where there is “Substantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof aS it relates to each offense.” (CPL 200.20 [3] [a].) Such is the case here.
The only factual allegations put before the court which bear on this issue are derived from a review of the Grand Jury minutes. As presented to the Grand Jury, the evidence against the defendant with respect to the charges involving Child A is significantly stronger than the evidence relating to the counts accusing the defendant of criminal conduct against Child B. I note preliminarily that the charges involving Child A are of a higher grade and are more heinous and inflammatory in that the defendant is charged with rape in the first degree as to this complainant. In addition, the quantum of evidence against the defendant on these charges is very substantial. The complainant testified that after the defendant raped her, some time be *889 tween September 10 and September 12, 1999, she went to the bathroom and observed blood and semen (what she referred to as cream) in her vaginal area and showed this to her grandmother. Moreover, there is medical testimony relating to the charges involving this complainant inasmuch as she was taken to the hospital after the alleged rape.
On the other hand, with respect to Child B, who is two years younger than Child A, the charges are less grave, there are no additional witnesses and no medical evidence. Indeed, the only evidence presented to the Grand Jury with" respect to the charges involving Child B is the testimony by the complainant that sometime between November 1, 1999 and December 25, 1999 the defendant “touched his butt” beneath his pants and said to him, “That feels good.”
Given the fact that not less than seven but perhaps as much as 14 weeks elapsed between the alleged incidents and that there is substantially more proof on the offenses concerning Child A than on those concerning Child B, there is an equally substantial likelihood that the jury will be unable to separately consider the proof as it relates to each offense. This is particularly true in a case such as this one inasmuch as it is well recognized that “prosecutions for sex crimes, particularly ones regarded as deviate, tend * * * to invoke prejudicial preconceptions among jurors” (People v Shapiro, 50 NY2d 747, 755 [1980]). Therefore, keeping in mind the loathsome nature of the alleged conduct here and “[t]he human tendency to more readily believe a person guilty when it is known or suspected that the accused has engaged in similar crimes” (People v Daniels, 216 AD2d 639, 640 [3d Dept 1995]; see also, People v Molineux, 168 NY 264), the possibility, indeed probability, that the aggregate weight of the evidence presented to the jury would unduly prejudice the defendant cannot be ignored.
Accordingly, the defendant’s motion to sever counts 1, 2, 3, 4 and 6 from counts 5 and 7 is granted.