■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KORY DAVIS, Appellant. [725 NYS2d 911] —Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: County Court erred in conducting the suppression hearing in the absence of defendant without making inquiry into the circumstances of his absence or reciting on the record the basis for its determination that his absence was deliberate (*see, People v McCullough,* 209 AD2d 965; *see also, People v Brooks,* 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d

746). We therefore remit the matter.to Monroe County Court to conduct a new suppression hearing and to "make findings of fact essential to the determination thereof" (CPL 710.60 [4]; *see, People v McCullough, supra*).

The court did not abuse its discretion in declining to impose sanctions upon the People based upon their failure to comply with the procedures set forth in Penal Law § 450.10 before returning the stolen wallet to complainant (*see, People v Johnson,* 262 AD2d 1004, 1005, *lv denied* 93 NY2d 1020; *People v Woodberry,* 239 AD2d 448, 448-449, *lv denied* 90 NY2d 912). Contrary to defendant's contention, the verdict is not against the weight of the evidence on the issue of identification (*see, People v Owens,* 275 AD2d 905, 906, *lv denied* 95 NY2d 937). The sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.