■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE GAINES, Appellant. [744 NYS2d 748] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered April 25, 2001, convicting defendant upon his plea of guilty of, inter alia, forgery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On a prior appeal, we reversed the judgment of conviction, vacated defendant's plea, and remitted the matter to Ontario County Court for further proceedings on the indictment (*People v Gaines*, 277 AD2d 900). Upon remittal, defendant pleaded guilty to, inter alia, two counts of forgery in the second degree (Penal Law § 170.10 [1]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea allocution with respect to count four of the indictment was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665). In any event, that contention lacks merit. Defendant

also failed to preserve for our review his contention that the court erred in imposing a consecutive sentence on the second count of forgery (*see* CPL 470.05 [2]), and we reject defendant's contention that as a matter of discretion in the interest of justice we should modify the judgment by directing that the sentence shall run concurrently (*see* CPL 470.15 [6] [b]).

We further reject defendant's contention that the court abused its discretion in denying defendant's motion for recusal. Defendant does not allege a violation of Judiciary Law § 14, nor has he shown that the court's alleged bias affected the outcome of the matter (*see People v Brown,* 270 AD2d 917, 917-918, *lv denied* 95 NY2d 851). Thus, "the determination of defendant's motion for recusal was a matter left to the court's conscience" (*id.* at 917). We have reviewed defendant's remaining contention and conclude that it is without merit. Present— Pine, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.