■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER VASQUEZ, Appellant. [748 NYS2d 562] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered January 25, 1999, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a juvenile offender, to a term of 3⅓ to 10 years, unanimously affirmed.

Defendant's motion to suppress evidence seized during the warrantless police entry of his apartment was properly denied. The officers' reliance on defendant's uncle's apparent authority to consent to their entry was reasonable under the totality of circumstances (see People v Adams, 53 NY2d 1, 9). Defendant's uncle lived in a nearly adjacent apartment on the same floor as defendant and his family, and defendant's grandmother lived in another apartment on the same floor. The uncle had access to keys for each of these apartments, and was perfectly willing to open each of them in the middle of the night. This warranted a reasonable inference by the police that these close relatives had arranged for mutual access to each other's apartments, and the police inquiry prior to entering was sufficient under the circumstances.

Nontestifying accomplice Daphne Abdela's plea allocution was properly admitted as a declaration against penal interest. The factual background and applicable law are set forth in detail in the trial court's opinion (179 Misc 2d 854). We agree that all the constitutional requirements for admission of such a

declaration were satisfied (*compare People v Thomas*, 68 NY2d 194, *cert denied* 480 US 948, *with People v Blades*, 93 NY2d 166). Accordingly, there was no violation of defendant's right of confrontation (*see Lilly v Virginia*, 527 US 116).

By failing to object, by making generalized objections or objections on different grounds than those raised on appeal, or by requesting no further relief after the court took curative actions, defendant has not preserved any of his remaining contentions and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged testimony and summation remarks were proper responses to issues raised by the defense. Concur—Saxe, J.P., Ellerin, Rubin and Friedman, JJ. [*See* 179 Misc 2d 854.]