■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZAKIY HINDS, Appellant. [787 NYS2d 99]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ort, J.), rendered April 4, 2003, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly concluded that certain statements made by the defendant were admissible inasmuch as they were spontaneous and not the product of police interrogation or its functional equivalent (*see People v Rivers,* 56 NY2d 476 [1982]; *People v Lynes,* 49 NY2d 286 [1980]; *People v Hylton,* 198 AD2d 301 [1993]).

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence because the complainant's testimony was inconsistent and unreliable is unpreserved for appellate review (*see People v Ross,* 262 AD2d 429 [1999]; *People v Scott,* 262 AD2d 430 [1999]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the

exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.