■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVARES D. STREETER, Appellant. [804 NYS2d 164]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), entered December 6, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant failed to preserve for our review his contentions that County Court erred in failing to charge the jury on the defenses of mistake of fact and intoxication and erred in allowing the prosecutor to elicit testimony concerning prior uncharged crimes (*see* CPL 470.05 [2]), and we decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15

[6] [a]). We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to request jury instructions on the defenses of mistake of fact and intoxication. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent to commit the murder or the weapon possession charge, which requires possession of a loaded firearm with intent to use it unlawfully against another person (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). According to the testimony of both defendant and a prosecution witness, defendant pointed a gun at the back of the victim's head and pulled the trigger. Although defendant testified that he did not believe that there was a round of ammunition in the chamber of the gun when he pulled the trigger and thus that he did not intend to kill the victim, he gave a different explanation in his statement to the police. In any event, the jury was entitled to discredit the testimony of defendant that he did not intend to kill the victim, and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally id.*). The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.