THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KORY DAVIS, Appellant. [813 NYS2d 587]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered October 6, 1999. The appeal was held by this Court by order entered June 8, 2001, decision was reserved and the matter was remitted to Monroe County Court for further proceedings in accordance with a memorandum (284 AD2d 943 [2001]). The proceedings were held and completed before Donald J. Mark, J.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), grand larceny in the fourth degree (§ 155.30 [5]) and petit larceny (§ 155.25). This Court previously held the

case, reserved decision and remitted the matter to County Court to conduct a new suppression hearing based upon the court's error "in conducting the suppression hearing in the absence of defendant without making inquiry into the circumstances of his absence or reciting on the record the basis for its determination that his absence was deliberate" (*People v Davis*, 284 AD2d 943, 943 [2001]). This Court further concluded, however, that defendant's remaining contentions were lacking in merit (*id.* at 944).

Supreme Court (Donald J. Mark, J.) conducted the new suppression hearing upon remittal, and we conclude that the court properly refused to suppress the statements made by defendant to police officers investigating the robbery. The record of the suppression hearing supports the court's determination that defendant's statements on the morning following the robbery "were admissible inasmuch as they were spontaneous and not the product of police interrogation or its functional equivalent" (*People v Hinds*, 13 AD3d 554, 554 [2004], *lv denied* 4 NY3d 887 [2005]; *see People v Buskey*, 13 AD3d 1058, 1059 [2004]). Contrary to defendant's contention, the issue whether the prejudicial impact of those statements outweighed their probative value is outside the scope of the suppression hearing, where the proper inquiry was whether the statements were involuntarily made (*see* CPL 710.20 [3]). The record also supports the court's determination that the oral and written statements subsequently made by defendant at the Public Safety Building were admissible inasmuch as those statements followed the valid waiver by defendant of his *Miranda* rights (*see People v Horsey*, 304 AD2d 852, 853 [2003], *lv denied* 1 NY3d 573 [2003]). Finally, the court properly determined that the photo array was not unduly suggestive and thus properly refused to suppress the victim's identification testimony. "[T]he People met their initial burden of establishing the reasonableness of the police conduct in the pretrial identification procedure, and defendant failed to meet his ultimate burden of proving that the photo array was unduly suggestive" (*People v Bell*, 19 AD3d 1074, 1075 [2005], *lv denied* 5 NY3d 850 [2005]; *see People v Davis*, 289 AD2d 977 [2001], *lv denied* 98 NY2d 636 [2002]). Present—Hurlbutt, J.P., Kehoe, Green and Pine, JJ.