■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HILL, Appellant. [815 NYS2d 859]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 6, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). Contrary to the contentions of defendant, the evidence, viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by two instances of prosecutorial misconduct during summation (*see* CPL 470.05 [2]). Defendant failed to object to the first alleged improper comment on summation, and defendant did not avail himself of County Court's offer to provide a curative

instruction with respect to the second alleged improper comment or seek any alternative relief (*see generally People v Vasquez*, 298 AD2d 230, 231 [2002], *lv denied* 100 NY2d 543 [2003]; *People v D'Alessandro*, 184 AD2d 114, 118 [1992], *lv denied* 81 NY2d 884 [1993]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant that the court erred in admitting, as an excited utterance, the hearsay statement made by a witness to a police officer (*see People v Johnson*, 1 NY3d 302, 307 [2003]; *People v Crombleholme*, 8 AD3d 1068, 1070 [2004], *lv denied* 3 NY3d 672 [2004]). We conclude, however, that the error is harmless (*see People v Kello*, 96 NY2d 740, 744 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Gorski, Martoche, Green and Hayes, JJ.