THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY D. McFARLAND, Appellant. [821 NYS2d 322]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered July 25, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [4]). Contrary to the contentions raised in defendant's pro se supplemental brief, the conviction is supported by legally sufficient evidence (*see People v Streeter*, 21 AD3d 1291, 1292 [2005], *lv denied* 6 NY3d 898 [2006]), and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Hill*, 30 AD3d 1024 [2006]).

Contrary to the contentions raised in defendant's main brief, Supreme Court did not err in summarily denying defendant's motion to suppress evidence as the fruit of an allegedly unlawful arrest. Indeed, defendant fails to identify any suppressible fruits of his arrest, and our review of the record reveals none. The court also did not err in admitting in evidence the recordings of telephone calls evincing defendant's participation in a scheme to tamper with the eyewitness (*see generally People v Robinson*, 28 AD3d 1126, 1128 [2006]; *People v De Vivo*, 282 AD2d 770, 772 [2001], *lv denied* 96 NY2d 900 [2001]; *People v Jones*, 276 AD2d 292 [2000], *lv denied* 95 NY2d 965 [2000]), and the recordings were properly authenticated, thereby establishing the requisite foundation for their admission in evidence (*see People v Williams*, 281 AD2d 933 [2001], *lv denied* 96

NY2d 869 [2001]; *People v Fuschino*, 278 AD2d 657, 659 [2000], *lv denied* 96 NY2d 800 [2001]). Even assuming, arguendo, that the court erred in admitting in evidence certain records of the New York State Department of Motor Vehicles under the business records exception to the hearsay rule (*see generally* CPLR 4518; *People v Kennedy*, 68 NY2d 569, 575-580 [1986]), we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the admission of those records (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The court did not err in submitting both the intentional and depraved indifference murder counts to the jury, inasmuch as the jury was properly instructed on the verdict sheet to consider the counts in the alternative. The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.