■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE LEE PRICE, Also Known as BONKERS, Appellant. [825 NYS2d 868]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 11, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of murder in the second degree (Penal Law § 125.25 [1]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant failed to preserve for our review his contention that the imposition of consecutive sentences of 20 years to life on the murder counts is illegal (*see People v Rice*, 27 AD3d 1158 [2006]; *People v Gaines*, 296 AD2d 862 [2002], *lv denied* 99 NY2d 535 [2002]). In any event, the record establishes that each murder was committed by a separate act of shooting and Supreme Court thus properly imposed consecutive sentences (*see People v Parris*, 30 AD3d 1108, 1109 [2006], *lv denied* 7 NY3d 816 [2006]). Moreover, we reject defendant's constitutional challenge to Penal Law § 70.25 (2) (*see People v Holland*, 13 AD3d 1101, 1102 [2004], *lv denied* 4 NY3d 853 [2005]).

We reject the contention of defendant that the evidence is legally insufficient to establish his intent to kill the victims. Intent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime (*see People v Henning*, 267 AD2d 1092 [1999], *lv denied* 94 NY2d 903 [2000]). The evidence establishes that defendant told his girlfriend that, in retaliation for being hit in the face by another, he was going to return to the scene of the fight and "light the block up." The evidence further establishes that defendant returned to the scene with a weapon, kneeled down, aimed the weapon at the two victims and emptied it of at least eight rounds. We thus conclude that, although defendant testified that he fired in self defense and shot with his eyes closed, "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial," i.e., that defendant intended to kill the victims (*People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that, contrary to defendant's contention, the submission to the jury of the intentional murder counts and, in the alternative, the depraved indifference murder counts, does not require reversal of defendant's intentional murder convic-

tion (*see generally People v Gallagher*, 69 NY2d 525, 528 [1987]; *People v McFarland*, 32 AD3d 1238, 1239 [2006]). Defendant was not deprived of a fair trial by the court or prosecutorial misconduct and the acrimony in the courtroom was to some degree "precipitated by defense counsel's deliberate goading of the court" (*People v Schneider*, 100 AD2d 733, 733 [1984]). Defendant was not deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.