■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HAYWARD, Appellant. [851 NYS2d 153]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered November 30, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of nine years and five years, and order, same court and Justice, entered on or about April 27, 2007, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved (*see People v Gray*, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. We further find that the verdict was not against the weight of the evidence. The evidence, including a videotape, supports the conclusion that defendant fired a pistol in a building lobby and fled with it. There is no basis for disturbing the jury's determinations concerning the credibility of defendant's witnesses (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant's claim that his statement should have been suppressed on the ground of alleged unnecessary delay in his arraignment is a claim requiring preservation (*People v Ramos*, 99 NY2d 27 [2002]), and we decline to review this unpreserved claim in the interest of justice. In addition, defendant has failed to create a record adequate for review of the issue (*see People v Kinchen*, 60 NY2d 772 [1983]).

The court properly denied, without a hearing, defendant's CPL 440.10 motion alleging ineffective assistance of counsel (*see People v Ozuna*, 7 NY3d 913 [2006]). Defendant's claim that his attorney never advised him of his right to testify at trial is unsupported (*see* CPL 440.30 [4] [d]). Moreover, the trial transcript establishes that defendant was aware of his right to testify and chose not to exercise it (*see* CPL 440.30 [4] [c]).

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.