■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR FUENTES, Appellant. [859 NYS2d 841]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 30, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts), attempted murder in the second degree, robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts 1 and 2 of the indictment shall run concurrently with the sentences imposed on counts 4, 7, 9, 11 and 12 of the indictment and that the sentence imposed on count 14 of the indictment shall run concurrently with the sentences imposed on the other counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted murder in the second degree (§§ 110.00, 125.25 [1]). The conviction arises out of defendant's involvement in the burglary of the apartment occupied by the murder victim (decedent) and several other individuals. During the commission of the burglary and robbery, defendant shot and killed decedent, shot another occupant of the apartment in the head and struck a third occupant of the apartment in the head with a gun.

Defendant contends that County Court erred in allowing the People to present identification testimony from the victim who was shot in the head. When that victim initially was shown photo arrays, he did not make any identification because he stated at that time that all three of the robbers wore masks. Shortly before trial, however, the People notified defense counsel that, despite previous statements to the contrary, the victim in question had informed them that the shooter had not been wearing a mask and that the victim was able to identify defendant as the shooter. Defendant moved to suppress the identification or, alternatively, he sought a second *Wade* hearing with respect to that victim's identification. Even assuming, arguendo, that the court erred in refusing to conduct a second *Wade* hearing, we conclude that there is no reasonable possibility that such error contributed to the verdict, and thus the error is "harmless beyond a reasonable doubt" (*People v Oliver*, 34 NY2d 859, 860 [1974]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

Defendant further contends that all of the identifications of him, as well as his statements to the police, should have been suppressed because they were the result of a warrantless arrest inside his home and that the court erred in failing to conduct a *Payton* hearing. That contention is not preserved for our review inasmuch as defendant failed to raise it either in his motion papers or before the suppression court (*see People v Adams*, 163 AD2d 881, 883 [1990], *lv denied* 77 NY2d 875 [1991]; *see also People v Suggs*, 268 AD2d 305, 306 [2000], *lv denied* 94 NY2d 925 [2000]). Defendant also failed to preserve for our review his contention that his statements should be suppressed based on an unnecessary delay in his arraignment (*see People v Hayward*, 48 AD3d 209 [2008]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

To the extent that defendant's pro se supplemental brief may be read as challenging the identification procedures themselves,

we conclude that the photo arrays and the identification procedures involving those arrays were not unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). Contrary to the final contention of defendant concerning the suppression of his statements, "[t]he record of the suppression hearing supports the court's determination that defendant's statements . . . 'were admissible inasmuch as they were spontaneous and not the product of police interrogation or its functional equivalent' " (*People v Davis*, 27 AD3d 1138, 1139 [2006], *lv denied* 6 NY3d 847 [2006], quoting *People v Hinds*, 13 AD3d 554, 554 [2004], *lv denied* 4 NY3d 887 [2005]).

Contrary to defendant's further contention, we conclude that the jury, upon hearing the court's charge on identification, credibility and corroboration, could " 'gather from its language the correct rules which should be applied in arriving at [a] decision' " (*People v Ladd*, 89 NY2d 893, 895 [1996], quoting *People v Russell*, 266 NY 147, 153 [1934]). We agree with defendant that the court, in marshaling the evidence, may have exceeded the extent necessary to "explain the application of the law to the facts [of the case]" (CPL 300.10 [2]), but we nevertheless conclude that reversal on that ground is not required. The marshaling of the evidence did not create "an imbalance result-[ing] in prejudice to defendant" (*People v Owens*, 69 NY2d 585, 591 [1987]; *see generally People v Culhane*, 45 NY2d 757, 758 [1978], *cert denied* 439 US 1047 [1978], *rearg dismissed sub nom. People v McGivern*, 68 NY2d 910 [1986]). Although defendant failed to preserve for our review his contention that the court erred in instructing the jury that defendant's wife was an interested witness as a matter of law (*see People v Adams*, 278 AD2d 920, 921 [2000], *lv denied* 96 NY2d 825 [2001]; *see also People v Dees*, 45 AD3d 602, 603 [2007], *lv denied* 9 NY3d 1032 [2008]), we agree with him that the court erred in giving that instruction (*see People v Machicote*, 251 AD2d 684 [1998]; *People v Jackson*, 80 AD2d 904 [1981]). We conclude, however, that the error is harmless (*see e.g. People v Harvey*, 111 AD2d 185 [1985], *lv denied* 66 NY2d 763 [1985]; *see generally Crimmins*, 36 NY2d at 241-242).

Defendant failed to preserve for our review his contentions that the indictment was defective because it failed to comply with CPL 200.50 (7) (*see People v Morris*, 217 AD2d 941 [1995], *lv denied* 87 NY2d 849 [1995]); because it is duplicitous (*see People v Spagnualo*, 5 AD3d 995, 997 [2004], *lv denied* 2 NY3d 807 [2004]; *People v Parker*, 2 AD3d 1282 [2003], *lv denied* 2 NY3d 744 [2004]); and because it was constructively amended

(*see People v Hernandez*, 273 AD2d 176 [2000], *lv denied* 95 NY2d 890, 935 [2000]; *People v Reed*, 242 AD2d 478 [1997], *lv denied* 91 NY2d 836 [1997]). Defendant likewise failed to preserve for our review his contention that he was denied his right to confront witnesses (*see People v Green*, 43 AD3d 1279, 1280 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Bradley*, 15 AD3d 840, 841 [2005], *lv denied* 4 NY3d 851 [2005]), as well as his contention that he was denied his right to a fair trial based on prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]; *People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Although defendant also failed to preserve for our review his contention that the indictment was not timely filed, that contention may be raised even in the absence of preservation inasmuch as the filing of the indictment could impact the court's subject matter jurisdiction (*see* CPL 1.20 [24]; *People v Harper*, 37 NY2d 96, 99 [1975]; *People v Doe*, 271 AD2d 29, 31 [2000], *lv denied* 95 NY2d 934 [2000]). Defendant's contention lacks merit, however, because the record establishes that the indictment was timely filed.

We are unable to review the further contention of defendant that he was denied effective assistance of counsel to the extent that it is based on matters outside the record on appeal. The proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL 440.10 (*see People v Craven*, 48 AD3d 1183 [2008]; *see generally People v Johnson*, 24 AD3d 1257 [2005], *lv denied* 6 NY3d 814 [2006]). To the extent that the contention is based on defense counsel's failure to preserve for our review any challenges to the prosecutor's summation, we conclude that such failure did not deprive defendant of meaningful representation (*see e.g. People v Pryor*, 48 AD3d 1217, 1218-1219 [2008]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant contends that the court erred in imposing consecutive sentences. Although defendant failed to preserve that contention for our review, we conclude that the consecutive sentences imposed are illegal and thus that preservation is not required (*see People v Fuller*, 57 NY2d 152, 156 [1982]). To the extent that we required preservation in *People v Price* (35 AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926), *People v Rice* (27 AD3d 1158 [2007]) and *People v Gaines* (296 AD2d 862, 863

[2002], *lv denied* 99 NY2d 535 [2002]), those cases should not be followed.

As a general rule, consecutive sentences are permissible if "either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (*People v Ramirez*, 89 NY2d 444, 451 [1996]; *see People v Laureano*, 87 NY2d 640, 643 [1996]). The People correctly concede that the sentence imposed on count 14 of the indictment must run concurrently with the sentences imposed on the other counts of the indictment. We further conclude that the sentences imposed on counts 1 and 2 of the indictment must run concurrently with the sentences imposed on counts 4, 7, 9, 11 and 12. Defendant was convicted of robbery in the first degree, robbery in the second degree and burglary in the first degree under counts 4, 9 and 12, respectively, based in part on the acts causing the same physical injuries to decedent and to the victim who was shot in the head that form the basis of defendant's conviction of murder in the second degree and attempted murder in the second degree under counts 1 and 2, respectively, relating to those two men. The sentences imposed on counts 1 and 2 of the indictment therefore must run concurrently with the sentences imposed on counts 4, 9 and 12 (*see generally Laureano*, 87 NY2d at 643). Inasmuch as defendant was convicted of an additional robbery in the first degree and an additional burglary in the first degree under counts 7 and 11, respectively, and the sentences imposed on counts 4, 9 and 12 must run concurrently with the sentences imposed on counts 7 and 11, the sentences imposed on counts 1 and 2 must run concurrently with the sentences imposed on counts 7 and 11 as well (*see id.*). We therefore modify the judgment accordingly. Finally, we conclude that the sentence, as modified, is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.