People v Grasso (2018 NY Slip Op 05488)





People v Grasso


2018 NY Slip Op 05488


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-02772
 (Ind. No. 80/12)

[*1]The People of the State of New York, respondent,
v
Luigi Grasso, also known as Ronald Petrino, also known as Renato Santini, appellant.


Paul Skip Laisure, New York, NY (Laura B. Tatelman and Laura Indellicati of counsel), for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered March 26, 2015, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (three counts), after a nonjury trial, and sentencing him to a determinate term of imprisonment of 10 years followed by 5 years of postrelease supervision upon his conviction of criminal possession of a weapon in the second degree under count one of the indictment, an indeterminate term of imprisonment of 3½ to 7 years upon his conviction of criminal possession of a weapon in the third degree under count two of the indictment, an indeterminate term of imprisonment of 3½ to 7 years upon his conviction of criminal possession of a weapon in the third degree under count seven of the indictment, and a determinate term of imprisonment of 7 years followed by a period of 5 years of postrelease supervision upon his conviction of criminal possession of a weapon in the third degree under count eight of the indictment, with the concurrent sentences imposed on counts one and two to run consecutively to the concurrent sentences imposed on counts seven and eight, and for both sets of sentences to run consecutively to a separate federal sentence already imposed upon the defendant.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof directing that the concurrent sentences imposed on counts one and two of the indictment shall run consecutively with the concurrent sentences imposed on counts seven and eight of the indictment, and substituting therefor a provision directing that those sets of concurrent sentences shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree based on his possession of an assault weapon is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19; People v Middleton, 52 AD3d 533; People v Reed, 242 AD2d 478). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt. The evidence [*2]established that the defendant exercised a sufficient level of dominion and control over the storage unit where the assault weapon was found to support the Supreme Court's finding that he constructively possessed the weapon (see People v Torres, 68 NY2d 677, 678-679; People v Robertson, 48 NY2d 993, 994; People v Perdomo, 154 AD3d 886; People v Lawrence, 141 AD3d 1079, 1082; People v Ortiz, 61 AD3d 779, 780). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless afford great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Similarly, the defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support his convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree based on his possession of a semiautomatic pistol are partially unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d at 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt. The evidence established that the defendant exercised a sufficient level of dominion and control over the bedroom closet in his residence where the semiautomatic pistol was found to support the court's finding that he constructively possessed it (see People v Torres, 68 NY2d at 678-679; People v Price, 14 AD3d 718, 719; People v Skyles, 266 AD2d 321). The evidence of the defendant's possession, coupled with the presumption embodied in Penal Law § 265.15(4), upon which the People relied at trial, was sufficient to establish the defendant's intent to use the weapon unlawfully against another (see People v Galindo, 23 NY3d 719, 723). Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt on these charges was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the sentences imposed improperly penalized him for exercising his right to a trial, as he did not advance this argument at the time of sentencing (see People v Hurley, 75 NY2d 887, 888; People v Cole, 140 AD3d 1183, 1184; People v Boyd, 136 AD3d 935, 937; People v Dunaway, 134 AD3d 952, 954). In any event, the contention is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (see People v Ramirez, 157 AD3d 718, 720; People v Rizzo, 142 AD3d 1187, 1188; People v Valery, 135 AD3d 975, 976). However, we find the sentences imposed are excessive to the extent indicated.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court