People v Davis (2020 NY Slip Op 00758)





People v Davis


2020 NY Slip Op 00758


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1177 KA 17-00905

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BOBBY L. DAVIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (A. VINCENT BUZARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered March 24, 2017. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that Supreme Court erred in denying his motion to reopen the Wade hearing after the victim testified at trial that she believed that a police officer presented her stolen cell phone to her prior to administering the show-up identification. Contrary to defendant's contention, the totality of the victim's testimony reveals some confusion, whereas the police officer's testimony was clear and consistent that, after the victim identified defendant, a police officer showed her the cell phone and asked if she recognized it. Consequently, we conclude that the court did not abuse its discretion in denying defendant's motion to reopen the Wade hearing (see People v Gilley, 163 AD3d 1156, 1159 [3d Dept 2018], lv denied 33 NY3d 948 [2019]). In any event, inasmuch as there is overwhelming evidence of defendant's guilt and no reasonable possibility that defendant otherwise would have been acquitted, any error in the court's denial of defendant's motion is harmless (see People v Fuentes, 52 AD3d 1297, 1298 [4th Dept 2008], lv denied 11 NY3d 736 [2008]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court