◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME HILL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of murder and various counts of burglary, assault, unlawful imprisonment, criminal trespass, criminal contempt and harassment. Defendant's convictions are based on a series of incidents commencing in January 1987, when defendant began stalking his ex-girlfriend, and culminating in August 1987, when he broke into her home and stabbed her to death. Defendant argues that evidence of uncharged crimes was improperly admitted without a proper limiting instruction; that the court should have severed the murder count from the remaining counts; that he was deprived of effective assistance of counsel; that the People failed to establish an adequate chain of custody for admission of a knife into evidence; and that the court erred in submitting a verdict sheet to the jury.

Defendant did not object to the introduction of evidence of the uncharged crimes and thus has failed to preserve his *Molineux (People v Molineux,* 168 NY 264) argument for our review. In any event the argument is without merit. With the exception of the moped incident, the uncharged crimes evidence was properly received under the *Molineux* rule because the incidents, which showed defendant's relentless and obsessive efforts to injure the victim, were relevant to the issues of motive, intent, identity and common scheme or plan. Although testimony about defendant's theft of the moped was not probative of any issue, any prejudice as a result of its admission was de minimis.

Similarly, reversal is not required as a result of the court's failure to give a limiting instruction. Defense counsel did not request such instruction and did not object to the charge given by the court. Consequently, the issue is not preserved for review.

The court did not err in failing to sever the indictment.

Defendant failed to request severance and, in any event, because the various counts of the indictment were joined pursuant to CPL 200.20 (2) (b), the court lacked discretion to sever (CPL 200.20 [3]; *People v Lane,* 56 NY2d 1, 7).

Defendant was not deprived of the effective assistance of counsel. As concluded *supra,* a severance motion would have been unavailing. Similarly, defense counsel was not ineffective merely because he failed to object to admissible *Molineux* evidence. Counsel's failure to object to the *Molineux* evidence is understandable in light of the defense strategy to concede defendant's involvement in lesser incidents but deny his role in the stabbings. In evaluating a claim of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics *(People v Baldi,* 54 NY2d 137, 146).

The court did not err in admitting the knife. Defendant did not object and thus has failed to preserve the issue for our review. In any event, an adequate foundation was laid by the testimony of two officers and the victim's boyfriend, all of whom were present when the knife was found. Moreover, one of the officers testified that he assumed control of the knife, scratched his initials and identification number on its handle, and turned it over to a property clerk. The officer identified People's exhibit 3 as that knife. Thus, the record contains adequate assurances of the unchanged condition and identity of the knife to warrant its receipt into evidence.

The court did not err in submitting to the jury a verdict sheet listing the counts of the indictment and defining them in statutory language. The record establishes that defense counsel consented to the submission of such verdict sheet *(see, People v Nimmons,* 72 NY2d 830; *People v Sanders,* 70 NY2d 837; *People v Owens,* 69 NY2d 585). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—murder, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.