■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 19, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error by impermissibly curtailing the defense counsel's cross-examination of the medical examiner. We disagree.

The trial court has wide latitude and broad discretion in controlling cross-examination *(see, People v Sorge,* 301 NY 198, 202; *People v Almeida,* 159 AD2d 508, 509). Here, the defense counsel attempted to elicit from the medical examiner information regarding what scientific tests exist which can determine the distance at which a gun was fired into a victim. Since the testimony of the medical examiner clearly indicated that these tests were not used in this case, and that the medical examiner had insufficient evidence from the autopsy to determine the distance at which the gun had been fired, the existence of other scientific tests not used here was irrelevant, and the trial court properly sustained an objection to this question.

The defendant's remaining contentions regarding the trial court's curtailing of the defense counsel's cross-examination of the medical examiner are also without merit. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.