■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PERRY, Appellant. [641 NYS2d 292] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered March 9, 1992, convicting defendant, after a jury trial, of burglary in the third degree and criminal trespass in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms

of $3^1/_2$ to 7 years and 1 year, respectively, unanimously affirmed.

Defendant was caught rifling the bureau drawers in the hospital room of a patient. He was wearing a lab coat and identification label that had been stolen from elsewhere in the hospital building the previous day. The count of the indictment charging defendant with burglary in the second degree, on which he was acquitted, alleged that he had been in the patient's "dwelling", which was clarified for the jury to mean her room. The third degree burglary count on which defendant was convicted alleged that he had been in the patient's "building", which the court clarified for the jury to mean the hospital building. Defendant did not object when the court indicated it would clarify the accusatory language in this manner, and never moved to dismiss the indictment or for a trial order of dismissal on the basis of the wording of the indictment. Rather, throughout all of the colloquy on the subject of the charges, defense counsel agreed that these meanings were accurate, and repeatedly requested that third degree burglary be submitted along with second degree burglary. Accordingly, defendant has failed to preserve (*see, People v James*, 204 AD2d 180, *lv denied* 84 NY2d 827), and indeed has affirmatively waived, his present claim that the two burglary counts charged different acts perpetrated in the same place—the hospital room—and that the court's clarification of the word "building" impermissibly expanded the scope of the illegal entry from a room, for which defendant was acquitted, to an entire building, which had not been considered by the Grand Jury. We reject defendant's claim of non-waivability (*see, People v Iannone*, 45 NY2d 589), and decline to review in the interest of justice. If we were to review, we would find that the clarification did not change the theory of the prosecution. All of the colloquy in the record, except for an early misstatement by the prosecutor on which defendant does not claim to have relied, belies defendant's claim that he understood the word "building" to mean a particular room, and the criminal possession charge, which involved the theft of a lab coat that occurred elsewhere in the hospital shows that the Grand Jury was not limited to an entry or remaining in the room. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.