■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HEMPHILL, Appellant. [669 NYS2d 209] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered September 9, 1993, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree, assault in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life on each conviction, unanimously affirmed.

The trial court properly exercised its discretion in restricting defendant's re-cross-examination of one of the People's police witnesses since defendant's examination went beyond the People's inquiry on redirect (*People v Bethune*, 105 AD2d 262, 269, *lv denied* 64 NY2d 1016; *see also*, *Matter of Morlin R.*, 236 AD2d 201). In any event, defendant was accorded sufficient scope of inquiry concerning the subject in question and the court's restrictions on re-cross-examination caused no prejudice.

On the existing record, which defendant has not sought to

amplify by way of a CPL article 440 motion raising this issue (*see, People v Love*, 57 NY2d 998), we conclude that defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709) or that but for counsel's purported errors, the result of the proceeding would have been different (*People v Hobot*, 84 NY2d 1021, 1024; *People v Baldi*, 54 NY2d 137).

We conclude that any error in the court's ruling concerning evidence of a cooperation agreement involving a witness was harmless in view of the overwhelming evidence of guilt (*see, People v Steadman*, 82 NY2d 1, 8-9). Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.