■ The People of the State of New York, Respondent, v Claxton Wilborn, Appellant. [673 NYS2d 633] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered October 27, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly followed the protocols established by *Batson v Kentucky* (476 US 79) in determining defendant's claim of discriminatory exercise of peremptory challenges by the prosecutor, and the record supports the court's implicit findings (*see, People v Owens,* 235 AD2d 268, *lv denied* 90 NY2d 896) that the prosecutor's offered reasons for the disputed challenges were both race-neutral and nonpretextual (*see, People v Mitchell,* 216 AD2d 156, *lv denied* 86 NY2d 798). Such findings are entitled to great deference on appeal (*People v Hernandez,* 75 NY2d 350, 356-357, *affd* 500 US 352) and we decline to disturb them.

Defendant's ability to present his defense was not hampered by the court's rulings in connection with cross-examination, which constituted appropriate exercises of discretion (*see, People v Hemphill,* 247 AD2d 339). The court provided defendant with ample latitude with respect to his desired lines of inquiry, and the court's ruling on elicitation of defendant's criminal record constituted an appropriate warning against opening the door to damaging testimony.

The prosecutor properly cross-examined defendant's witness regarding his failure to come forward promptly with exculpatory information, after establishing that defendant and the witness had a long-time, close relationship, that the witness was aware of the charge pending against defendant and that the witness had the opportunity to come forward expeditiously (*People v Dawson,* 50 NY2d 311).

The court's supplementary instruction to the jury regarding the People's burden of proof in connection with the element of

possession did not constructively amend the theory of prosecution, since there was no material variance between the indictment and discovery materials, on the one hand, and the evidence at trial on the other (*see, People v Perry*, 226 AD2d 282, *lv denied* 88 NY2d 940).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.