■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT HARVEY, Appellant. [678 NYS2d 490] —Judgment, Supreme Court, New York County (Renee White, J.), rendered October 17, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and reliability of identification testimony.

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RANSDELL, Appellant. [680 NYS2d 202] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered December 14, 1995, convicting defendant, after a jury trial, of burglary in the second degree and possession of burglar's tools, and sentencing him, as a second violent felony offender, to concurrent terms of 4½ to 9 years and 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. Contrary to defendant's claim, the police reasonably concluded from all the circumstances that the victim's exclamation "That's him!", made while pointing to defendant, was based on personal knowledge (*see, People v Wearing*, 246 AD2d 404, *lv denied* 91 NY2d 946). The court did not constructively amend the indictment by charging that the People needed to prove only that defendant had entered the building, rather than the specific apartment where the victim resided where the court's burglary charge did not vary from the indictment (*People v Perry*, 226 AD2d 282, *lv denied*, 88 NY2d 940; *People v James*, 204 AD2d 180, *lv denied* 84 NY2d 827). We do not read the People's voluntary disclosure form as limiting the theory of prosecution (*see, People v Medina*, 233 AD2d 927, *lv denied* 89 NY2d 926). Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.