■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORIO HERNANDEZ, Appellant. [710 NYS2d 247] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered June 10, 1998, convicting defendant, after a jury trial, of reckless endangerment in the first degree and criminal possession of stolen property in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

Defendant's claim that the court's supplemental instruction on the elements of reckless endangerment, in which it made reference to locations outside Bronx County, constructively amended the indictment is a claim requiring preservation (*People v Reed*, 242 AD2d 478, *lv denied* 91 NY2d 836; *People v Perry*, 226 AD2d 282, *lv denied* 88 NY2d 940; *see also, People v Ford*, 62 NY2d 275), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the challenged portion of the instruction merely clarified a geographical question in this case where certain events occurred at the border between Bronx and Westchester Counties, and that there was no prejudice to defendant because venue in Bronx County was not in dispute and was amply established in any event.

Sentencing defendant as a persistent felony offender was a proper exercise of discretion. Defendant's claim that the procedural requirements of CPL 400.20 were not followed is unpreserved for appellate review (*People v Proctor*, 79 NY2d 992, 994; *People v Banks*, 265 AD2d 163, *lv denied* 94 NY2d 819), and we decline to review it in the interest of justice. Were we to review this claim, we would find sufficient compliance with those requirements (*see, People v Banks*, *supra*). Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.