■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASERO PEREZ, Appellant. [749 NYS2d 425] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered November 12, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court acted within its broad discretion in limiting the defense counsel's questioning of prospective jurors during voir dire (*see* CPL 270.15 [1] [c]; *People v Jean,* 75 NY2d 744, 745; *People v Boulware,* 29 NY2d 135, 140, *cert denied* 405 US 995). Furthermore, the trial court providently exercised its discretion in limiting the nature and extent of the cross-examination of the medical examiner (*see People v Ayala,* 280 AD2d 552).

Resolution of issues of the credibility of witnesses, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the rec-

ord (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.