■■■ The People of the State of New York, Respondent, v Wilfredo Laracuente, Appellant. [801 NYS2d 676]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered April 26, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in admitting evidence of his prior drug dealings (see generally People v Molineux, 168 NY 264, 291-294 [1901]). The record establishes that defendant conceded at trial that the People could present that evidence in order to establish motive, and we therefore conclude that defendant waived his present contention insofar as it concerns evidence presented to establish motive.

Defendant failed to preserve for our review his contention with respect to the other purposes for which the Molineux evidence was presented, inasmuch as he objected to the specificity of the People's notice of intent to present Molineux evidence rather than to the admissibility of the evidence itself (see CPL 470.05 [2]). Similarly, defendant failed to request limiting instructions with respect to the testimony of a prosecution witness, and we therefore further conclude that he failed to preserve for our review his present contentions concerning the court's failure to give those limiting instructions (see People v McClain, 250 AD2d 871, 872 [1998], lv denied 92 NY2d 901 [1998]; People v Ebanks, 203 AD2d 199, 200 [1994], lv denied 83

NY2d 966 [1994]; *People v Hill,* 163 AD2d 813, 813 [1990], *lv denied* 76 NY2d 987 [1990]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that the court abused its discretion in limiting his cross-examination of the Deputy Medical Examiner (*see People v Perez,* 299 AD2d 427 [2002], *lv denied* 99 NY2d 618 [2003]; *People v Rodriguez,* 184 AD2d 599 [1992], *lv denied* 80 NY2d 933 [1992]). Indeed, the court properly limited the cross-examination in order to prevent questioning with respect to a text that was not established to be authoritative (*see People v Feldman,* 299 NY 153, 168 [1949]; Prince, Richardson on Evidence § 7-313 [Farrell 11th ed]), and to prevent questioning concerning hearsay information in a report that was not admitted in evidence (*see generally People v Jones,* 73 NY2d 427, 430 [1989]; *People v Kaplan,* 167 AD2d 273 [1990], *lv denied* 77 NY2d 879 [1991]). Furthermore, the court properly limited defendant's recross-examination of the Deputy Medical Examiner to the scope of the People's questioning on redirect examination (*see e.g. People v Hemphill,* 247 AD2d 339 [1998], *appeals dismissed* 92 NY2d 846 [1998], *lv denied* 92 NY2d 898 [1998]).

We also reject the contention of defendant that the court erred in allowing the People to present rebuttal evidence. Although defendant admitted during his trial testimony that he was present at the scene of the crime, he had indicated in prior statements to a police officer that he was not at the location where the crime occurred. The issue concerning defendant's presence at the scene of the crime is not collateral, and the court therefore properly admitted the rebuttal testimony concerning the prior statements of defendant that contradicted his trial testimony (*see generally People v Cade,* 73 NY2d 904, 905 [1989]; *People v Wilson,* 297 AD2d 298, 299 [2002], *lv denied* 99 NY2d 541 [2002]). As the People correctly concede, the court erred in allowing the rebuttal testimony on the issue whether defendant was advised of his *Miranda* rights inasmuch as that was a collateral issue under the circumstances of this case (*see generally Cade,* 73 NY2d at 905). We nevertheless conclude, however, that the error is harmless (*see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

Defendant failed to preserve for our review his contention that the court erred in using a projector to display the substantive elements of the charge for the jury (*see People v Williams,* 8 AD3d 963, 964 [2004], *lv denied* 3 NY3d 683 [2004], *cert denied* — US —, 125 S Ct 911 [2005]). In any event, here, as in *Wil-*

*liams*, "[t]he projected charge was substantially the same as the oral charge, and the process took place entirely in the courtroom under the court's supervision and guidance. In short, 'there was no danger that the jurors would be left to interpret the law themselves' " (*id.* at 965; *cf. People v Owens*, 69 NY2d 585, 589-592 [1987]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.