■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INOCENCIO ESPINOSA, Appellant. [847 NYS2d 525]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 25, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's motion to suppress, as fruits of an allegedly unlawful arrest, a gravity knife and a statement he made to the police. A woman stopped the arresting officer on the street, pointed to defendant and said she had an order of protection against him. This gave the officer, at least, a founded suspicion sufficient to approach defendant and make inquiry (*see People v De Bour*, 40 NY2d 210, 223 [1976]). The officer reasonably understood the woman to mean that defendant was violating an order of protection, which constitutes the crime of second-degree criminal contempt (Penal Law § 215.50 [3]), and could infer that her information was based on personal knowledge (*see People v Ransdell*, 254 AD2d 63 [1998], *lv denied* 92 NY2d 1037 [1998]). When defendant cursed and ran away in response to the officer's approaching him and saying "Sir, hold on a second," the officer had, at least, reasonable suspicion sufficient to pursue and then detain defendant while the woman went to get the order of protection (*see People v Martinez*, 80 NY2d 444, 448 [1992]). After the woman identified herself and showed the officer an order of protection whose contents demonstrated that defendant had violated a provision directing him to stay away from her and her family, the officer had probable cause to make an arrest. The hearing court was entitled to credit the officer's testimony as to the material contents of the order (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]), even though it was not produced at the hearing and the officer did not testify as to its precise language. Probable cause does not require proof beyond a reasonable doubt of every element of the crime suspected by the police (*see Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]). We also note that the order of protection provided "presumptive evidence that the individual whose conduct is proscribed has already been found by a court to be a dangerous or violent person and that violations of the order's terms should be treated seriously" (*Sorichetti v City of New York*, 65 NY2d 461, 469-470 [1985]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.