THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD JOHNSON, Appellant. [848 NYS2d 103]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered April 11, 2006, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.

At about 10:45 P.M., a citizen informant driving a van approached Officer Gallagher and his fellow officers, all of whom were in a parked and unmarked vehicle, and pointed to defendant and his two companions, all three of whom had walked past the vehicle a "couple of seconds" before the informant approached the officers. The informant told them that the three men had "just robbed someone down the block." Officer Gal-

lagher asked the informant, "The three guys who just walked by the car? Those three guys?" When the informant answered "yes," Officer Gallagher told him to remain where he was. The officers drove down the block, exited the vehicle, identified themselves as police officers, and told defendant and the other two men to "get on the ground." Although one of the men complied with the direction, defendant and the other man fled. After a chase, defendant was apprehended and a search of his person uncovered, among other things, one $50 bill and three MetroCards.

The close and difficult question presented on this appeal is whether the more reasonable inference is that the informant spoke from personal knowledge when he reported that defendant and his companions had "just robbed someone down the block" (see e.g. People v Ransdell, 254 AD2d 63 [1998], lv denied 92 NY2d 1037 [1998]). To be sure, the informant's account lacked any detailed description of the alleged robbery from which it might be inferred that he had seen it (see People v Parris, 83 NY2d 342, 350 [1994]). Nonetheless, as between the only two possibilities—the informant saw the robbery occur moments before or was told the robbery occurred moments before—the more reasonable conclusion under all the circumstances, including that the informant stopped his vehicle to make his report to individuals he believed to be police officers, is that the informant was reporting what he had just seen rather than what he had just been told. Accordingly, we find that the record provided sufficient basis to conclude that the informant's statement was based on personal knowledge and provided the officers with probable cause to arrest defendant.

When deliberations began, the parties agreed in response to an inquiry by the court that the exhibits could be brought into the jury room if the jury requested them. Although the record otherwise makes no mention of it, a note from the jury that was marked court exhibit 2 was sent about an hour after deliberations began requesting "all evidence pertaining to this case." Defendant claims for the first time on appeal that this note was a "substantive" one that neither the court nor the parties ever saw and, in any event, that the court failed to comply with the procedures mandated by CPL 310.30 (see People v O'Rama, 78 NY2d 270 [1991]) in assertingly doing nothing in response to the note.

We reject this claim as defendant failed to make a record in the trial court that is sufficient to permit appellate review (see People v Kinchen, 60 NY2d 772, 773-774 [1983]). Moreover, as we stated in rejecting for this reason a claim that the trial court

had violated the principles of *People v O'Rama* in its response to a jury note, "[a] presumption of regularity attaches to judicial proceedings and may be overcome only by substantial evidence" (*People v Rodriguez*, 11 AD3d 350 [2004], *lv denied* 4 NY3d 802 [2005]). On the existing record, the more reasonable conclusion is that the jury's request for the "evidence" was in fact a ministerial request for the exhibits. It is unlikely that the jury would have immediately sought a readback of all the testimony given that the court had just finished advising the jury that when requesting a readback of testimony, it should "consider carefully what specific portions" of the testimony would be helpful "rather than asking for all of the testimony to be read back." It also is unlikely that the jury would have silently acquiesced in its request being ignored for no apparent reason. In fact, the jury's request for the "evidence" was never reiterated, and the jury subsequently requested a limited readback.

The motion to consolidate the two indictments was properly granted. To the extent that defendant claims that consolidation deprived him of his due process right to a fair trial, he did not raise this claim before Supreme Court and thus it is not preserved for our review (CPL 470.05 [2]). Defendant was charged under indictment No. 6879/04 with two theories of robbery, that he robbed Phil Simmons while aided by another person (of which defendant was convicted), and that he caused physical injury to Simmons during the robbery (of which defendant was acquitted), and was charged under indictment No. 2716/05 with criminal possession of stolen property for possessing two MetroCards purchased with a credit card stolen from Raul Ruiz. On the particular facts of this case, the evidence that defendant possessed stolen MetroCards was material and admissible as evidence-in-chief in connection with the trial on the charges relating to the robbery of Simmons, and evidence of that robbery was material and admissible as evidence-in-chief in connection with the trial on the stolen property charges. Accordingly, and because proof of each crime was easily segregable in the minds of the jurors, the trial court did not improvidently exercise its discretion in ordering the consolidation of both indictments pursuant to CPL 200.20 (2) (b) and 200.20 (4) (*see People v Lane*, 56 NY2d 1, 7-8 [1982]; *People v McCall*, 13 AD3d 197, 198 [2004], *lv denied* 4 NY3d 833 [2005]). That defendant was acquitted of the stolen possession charges is further indication that defendant suffered no prejudice "by the consolidation and that the jury was able to segregate the evidence as it related to each charge" (*People v McNeil*, 39 AD3d 206, 208 [2007]). Concur—Andrias, J.P., Saxe, Nardelli, McGuire and Malone, JJ.