THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FISHON, Appellant. [851 NYS2d 139]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered August 7, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of six years; judgment, same court (Edwin Torres, J., at trial; William A. Wetzel, J., at sentence), rendered November 27, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a concurrent term of one year; and judgment, same court (William A. Wetzel, J.), rendered November 27, 2006, convicting defendant, after a jury trial, of three counts of perjury in the first degree, and sentencing him, as a second felony offender, to three consecutive terms of 2 to 4 years, to be served concurrently with the other sentences, unanimously affirmed.

At his first trial, defendant was charged with two drug sales, made to the same undercover officer but under different factual

circumstances, about 30 minutes apart. Defendant asserted an agency defense with respect to both sales, and the jury convicted him of misdemeanor drug possession as to the second sale but failed to agree on a verdict as to the first. At a retrial, defendant was convicted of the first sale. At each of these trials defendant testified and admitted that his grand jury testimony concerning the two drug transactions had been false, and, at a third trial, defendant was convicted of perjury on the basis of his false grand jury testimony.

At defendant's second trial, concerning the first drug sale by defendant to the undercover officer, the court properly exercised its discretion by precluding defendant from introducing evidence of the factually dissimilar second sale, of which he had been acquitted at his first trial. This evidence was of little or no probative value on the issue of whether defendant acted merely as an agent of the undercover officer at the time of the first sale (*see People v Primo*, 96 NY2d 351, 355 [2001]; *People v Aska*, 91 NY2d 979, 981 [1998]), but would have prejudiced the People by causing the jury to speculate why defendant was not being tried for that crime in this second trial. This was not a situation where a defendant's contemporaneous, similar transactions were probative of issues such as intent (*see e.g. People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]). Since the only issue litigated was the relevance of this evidence as a matter of state evidentiary law, and since defendant never asserted a constitutional right to introduce it, his present constitutional claim is unpreserved (*People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court's ruling did not deprive defendant of a fair trial or his right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Defendant also claims that at the second trial, the court failed to provide defense counsel with notice of a jury note and an opportunity to be heard regarding the court's response (*see People v O'Rama*, 78 NY2d 270 [1991]). However, defendant failed to make a record that is sufficient to permit appellate review of this claim (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *People v Johnson*, 46 AD3d 415 [2007]). Moreover, a presumption of regularity attaches to judicial proceedings and may be overcome only by substantial evidence (*see People v Velasquez*, 1 NY3d 44, 48 [2003]). Viewed in light of that presumption, the existing record, to the extent it permits review, demonstrates that there was an unrecorded colloquy between the court and counsel concerning the jury note immediately preceding the

court's response. Although that colloquy should have been placed on the record, we find no basis for reversal. This case is unlike *People v Kisoon* (8 NY3d 129, 135 [2007]), where the record established the court's failure to satisfy its "core responsibility" to disclose a jury note and permit comment by counsel.

At the first trial, at which defendant was convicted of seventh-degree possession relating to the second transaction, the court made rulings on defendant's *Sandoval* motion and his request for an adverse inference charge relating to the undercover officer's lost memo book, each of which constituted a proper exercise of discretion. With respect to the second trial, his arguments concerning these issues are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant was not deprived of his right to conflict-free representation at his perjury trial. The fact that the attorney who represented him at the two drug trials also represented him at the perjury trial did not create a potential conflict of interest, and even if such potential conflict existed, defendant has not established that such potential conflict affected his defense (*see People v Jordan*, 83 NY2d 785, 787-788 [1994]). The perjury was committed when defendant testified before the grand jury, where a different attorney represented him. The conduct of the *trial* attorney was never an actual or potential issue in any respect at the perjury trial, and that attorney would have had no reason to testify.

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.