■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTEO RAMIREZ, Appellant. [875 NYS2d 482]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered December 16, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and three counts of criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that defendant was a participant in a drug-selling operation and a joint possessor of the contraband at issue. Police executing a search warrant found, throughout the apartment, indicia of a large-scale operation, including, among other things, a large quantity of drugs along with equipment for manufacturing kilogram-sized drug packages. Although nothing was in

open view, this was the type of premises where "a reasonable jury could conclude that only trusted members of the operation would be permitted to enter" (*People v Bundy*, 90 NY2d 918, 920 [1997]), and where the presence of casual visitors or social guests would be unlikely. Defendant and his codefendant were the only persons present, and when the police entered defendant attempted to flee and tried to destroy his own cell phone, the records of which ultimately provided evidence of his connection to the codefendant. Defendant was carrying nearly one thousand dollars in cash and a pager. Although only the codefendant admitted to living in the apartment, there was extensive circumstantial evidence connecting defendant to the apartment, to the codefendant, and to documents that appeared to reflect drug transactions. This evidence, viewed in its entirety, warranted the inference defendant and the codefendant jointly exercised dominion and control over the premises and the contraband (*see e.g. People v Marte*, 14 AD3d 408 [2005], *lv denied* 4 NY3d 888 [2005]).

Defendant failed to make a record that is sufficient to permit review (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *People v Johnson*, 46 AD3d 415 [2007], *lv denied* 10 NY3d 812 [2008]) of his claim that the court did not provide defense counsel with notice of a jury note and an opportunity to be heard regarding the court's response (*see People v O'Rama*, 78 NY2d 270 [1991]). Viewed in light of the presumption of regularity that attaches to judicial proceedings (*see People v Velasquez*, 1 NY3d 44, 48 [2003]), the existing record, to the extent it permits review, demonstrates that the court satisfied its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]) to disclose jury notes and permit comment by counsel. The record warrants an inference that the court discussed the note with counsel during a luncheon recess in the absence of the court reporter (*see People v Fishon*, 47 AD3d 591 [2008], *lv denied* 10 NY3d 958 [2008]). Furthermore, in delivering its response to the jury, the court read the note into the record almost verbatim. Accordingly, counsel's failure to object to the procedure employed by the court or to its response to the note renders the claim that the court violated CPL 310.30 unpreserved (*see e.g. People v Salas*, 47 AD3d 513 [2008], *lv denied* 10 NY3d 844 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court's response to the note was completely favorable to defendant, which indicates either that counsel did have input into the response, or that no such input was necessary. Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we

also reject them on the merits. Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ.