Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 10, 2012, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
Although the record is silent regarding the court’s responses to three jury notes requesting materials not in evidence, reversal is not required. None of these notes were substantive inquiries that required compliance with the procedures mandated by CEL 310.30 (see People v O’Rama, 78 NY2d 270 [1991]). Instead, these notes only necessitated the ministerial actions of informing the jury that none of the items they requested were in evidence (see People v Ziegler, 78 AD3d 545 [1st Dept 2010], lv denied 16 NY3d 838 [2011]). Furthermore, defendant’s claims are unreviewable for lack of a sufficient record (see People v Kinchen, 60 NY2d 772, 773-774 [1983]). “[A] presumption of regularity attaches to judicial proceedings and may be overcome only by substantial evidence” (see People v Johnson, 46 AD3d 415, 417 [1st Dept 2007], lv denied 10 NY3d 812 [2008]). Accordingly, there was no mode of proceedings error (see People v Starling, 85 NY2d 509, 516 [1995]).
Under the circumstances of the case, defendant received a sufficient opportunity to demonstrate, in connection with his justification defense, his knowledge of prior violent acts by his opponents in the altercation at issue, and the court’s limitations on such evidence were reasonable exercises of discretion (see People v Miller, 39 NY2d 543, 552-553 [1976]). In the context of the particular justification defense actually presented by defendant, the prior violent acts had very little probative value *514 (see id.). To the extent any of the court’s restrictions could be viewed as erroneous, we find them to be harmless (see People v Crimmins, 36 NY2d 230 [1975]). Defendant did not preserve his claims that certain prior acts of prosecution witnesses were admissible to impeach their credibility, or that any of the court’s evidentiary rulings impaired his constitutional right to present a defense (see People v Lane, 7 NY3d 888, 889 [2006]; see also People v Padro, 75 NY2d 820 [1990]), and we decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]). Concur — Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.