■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE STANTON, Appellant. [985 NYS2d 39]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; Lewis Bart Stone, J., at jury trial and sentencing), rendered July 14, 2011, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's challenges to the prosecutor's summation are

entirely unpreserved (*see People v Romero*, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Although some of the prosecutor's remarks were improper, they were not so egregious as to deprive defendant of a fair trial, and the court's curative remarks were sufficient to prevent any undue prejudice.

Since the record establishes that defense counsel had notice of a jury note reporting that the jury was deadlocked, defendant's contention that the court failed to fulfill its responsibilities under *People v O'Rama* (78 NY2d 270, 277-278 [1991]) requires preservation (*see People v Williams*, 21 NY3d 932, 934-935 [2013]), and we decline to review this unpreserved claim in the interest of justice. As an alternate holding, we find that defendant failed to overcome the presumption of regularity associated with the proceeding (*see e.g. People v Fishon*, 47 AD3d 591 [1st Dept 2008], *lv denied* 10 NY3d 958 [2008]). The court stated that it had shared the note with counsel and although it did not specifically state that it had heard counsel's positions on how to respond to the note, the court's demonstrated practice with respect to jury notes in this case was to show the note to the parties and confer with them off the record before instructing the jury on the record.

Defendant's challenge to the showup identification is without merit. The showup was not rendered unduly suggestive by factors "[i]nherent in any showup" (*People v Gatling*, 38 AD3d 239, 240 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]). Moreover, the police conducted the showup in a manner that tended to minimize suggestiveness, to the extent practicable. Concur— Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.