People v Carter (2022 NY Slip Op 00359)





People v Carter


2022 NY Slip Op 00359


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Ind. No. 3657/16 Appeal No. 15109 Case No. 2019-3547 

[*1]The People of the State of New York, Respondent,
v
David Carter, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered September 20, 2018, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the third degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 12 years, unanimously affirmed.
The court provided meaningful notice of the contents of a jury note (see People v O'Rama, 78 NY2d 270[1991]). The court did not summarize or paraphrase the note, but instead read it "almost verbatim" (People v Ramirez, 60 AD3d 560, 561 [1st Dept 2009], affd 15 NY3d 824 [2010]). Although the note was oddly formatted, the court's reading of the note included all the content of the jury's request. To the extent there were inconsistencies between the note and the court's words as reflected in the transcript, they were minor and did not alter the meaning of the note.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant asserts that the evidence failed to establish his possession and threatened use of a dangerous instrument. The evidence, however, warrants the conclusion that, when defendant displayed a bottle opener with a "sharp tip" after the victim demanded his phone back, defendant was threatening the immediate use of the sharp object he displayed. "[G]iven the circumstances, there was no reasonable explanation of defendant's conduct other than an implied threat to use the [opener] against the [victim]" (People v Sharma, 112 AD3d 494, 495 [1st Dept 2013], lv denied 23 NY3d 1025 [2014]; see also People v Boisseau, 33 AD3d 568 [1st Dept 2006], lv denied 8 NY3d 844 [2007]; People v Thompson, 273 AD2d 153 [1st Dept 2000], lv denied 95 NY2d 908 [2000]). Further, the jury, which saw a photograph of the bottle opener, could have reasonably found that it was readily capable of causing serious physical injury (see People v Espada, 94 AD3d 451, 452 [1st Dept 2012], lv denied 19 NY3d 1025 [2012]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022