DelGrosso v McCann (2022 NY Slip Op 02057)





DelGrosso v McCann


2022 NY Slip Op 02057


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 156555/14 Appeal No. 15567 Case No. 2021-03357 

[*1]Joseph DelGrosso, Plaintiff-Appellant,
v
Susan McCann et al., Defendants, City of New York et al., Defendants-Respondents.


Tumelty & Spier, LLP, New York (John P. Tumelty of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered February 16, 2021, which, to the extent appealed from as limited by the briefs, granted defendants City of New York, Police Officer Evelio Fernandez, and Detective Thomas McLauglin's motion for summary judgment dismissing the false arrest and imprisonment and malicious prosecution claims as against them, unanimously affirmed, without costs.
Probable cause is a complete defense to an unlawful arrest and imprisonment claim (Gann v City of New York, 197 AD3d 1035, 1036 [1st Dept 2021]; Roberts v City of New York, 171 AD3d 139 [1st Dept 2019], affd 34 NY3d 991 [2019]). Similarly, because the absence of probable cause is an element of a claim for malicious prosecution, the existence of probable cause mandates the dismissal of any such claim (Roberts v City of New York, 171 AD3d at 146). The court properly dismissed the false arrest, false imprisonment, and malicious prosecution claims against the moving defendants in this case because probable cause for plaintiff's arrest was established as a matter of law.
Probable cause existed based on the victim's account to the police stating that plaintiff had thrown a chemical at her, her visible burn injuries, and the statement of the victim's neighbor placing plaintiff near the scene of the crime (People v Bigelow, 66 NY2d 417, 423 [1985]; Medina v City of New York, 102 AD3d 101, 103 [1st Dept 2012]). In addition, at the time of this incident, there was an outstanding order of protection directing plaintiff to stay away from the victim, which indicated that plaintiff had already been found to be a danger to the victim (see People v Espinosa, 46 AD3d 311, 312 [1st Dept 2007]). Plaintiff failed to establish any issue of fact that negated a finding of probable cause. Moreover, plaintiff failed to overcome the presumption of probable cause created by the grand jury indictment against him (Colon v City of New York, 60 NY2d 78, 82 [1983]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022